UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

UNITED STATES OF AMERICA,

        Plaintiff,

Case No. 1:98-CR-54-02

v.

Hon. Richard Alan Enslen

BRADFORD METCALF,

**ORDER**

        Defendant.
_____/

Defendant Bardford Metcalf, a person convicted of possession of machine guns, a conspiracy to violate various federal laws, and other federal crimes, has moved for relief under Federal Rule of Criminal Procedure 41(g).[1]  Defendant asks for the return of weapons taken from him, including machine guns and explosives.  Plaintiff United States of America no longer has need of the evidentiary materials.  It has prepared an inventory of certain contraband property and proposes to return to Defendant or a custodian the evidence it has seized with the exception of the weapons and other contraband property.

The gun fight here is over the definition of "contraband."  Defendant "avers **none** of his property to be contraband . . . ."  (Mot. at 1.)  Plaintiff lists over 80 items by referencing their exhibit numbers at trial.  (Resp. at 1-6.)  Plaintiff seeks an order authorizing the destruction of most of the property since it is either "contraband" or "firearms or ammunition" which Defendant is not lawfully entitled to possess.  *See United States v. Felici*, 208 F.3d 667, 670 (8th Cir. 2000).  Plaintiff does not oppose the return of property aside from "guns, ammunition, silencers, explosives or [property which

---

[1]The present Motion cites Federal Rule of Evidence 201, which is not pertinent.  Rule 41(g) is the pertinent Rule and was cited by Defendant in prior motions on this issue.

is] otherwise 'contraband *per se*.'" (Resp. at 9.)  The *Felici* court, posed with the same issue, rejected the return of firearms and ammunition to a defendant given that 18 U.S.C. § 922(g)(1) would prohibit the person's possession of the materials. The *Felici* court also rejected the return of the materials to a third-party custodian or donee in order to prevent later possible constructive possession.  *Id.*  The Court believes that such restriction was wise given its responsibility to assure Defendant's compliance once on supervised release.

Defendant's arguments that the firearms, silencers, ammunition and explosives are not contraband (nor prohibited by federal statutes) arises from his premise that the Second Amendment to the United States Constitution guarantees him the individual right to possess military arms and ammunition.  Defendant recognizes that the Sixth Circuit Court of Appeals' decision in *United States v. Warin*, 530 F.2d 103, 106 (6th Cir. 1976) expressly rejected the notion that an individual citizen may assert a right under the Second Amendment to establish an entitlement to possess arms. However, he seeks to undermine *Warin* by reference to Nineteenth Century Supreme Court jurisprudence, including the most notorious of Supreme Court decisions, its decision in *Dred Scott v. Sandford*, 60 U.S. 393, 417 (1856).  The *Dred Scott* decision (which justified the treatment of African Americans as property and not persons) was, of course, overturned by the enactment of the Fourteenth Amendment.  *See Washington v. Glucksberg*, 521 U.S. 702, 758-59 (1997) (J. Souter, concurring).  Suffice it to say, the *Dred Scott* decision is now in the dustbin of history where it belongs.  However, neither *Dred Scott* nor the other cases cited contained a <u>holding</u> recognizing an individual Second Amendment right to bear arms to the exclusion of Congress' power to regulate.[2]

---

[2]Of course, the *Dred Scott* decision contained no Second Amendment holding.  The case of  *Presser v. Illinois*, 116 U.S. 252 (1886) actually held that the Second Amendment does not prevent the State of Illinois from outlawing private militias.  The holding in *United States v.*

Furthermore, Defendant's Second Amendment argument has received no support in the various courts of appeals except for the decision in *United States v. Emerson*, 270 F.3d 203, 227 (5th Cir. 2001). *See Silveira v. Lockyer*, 312 F.3d 1052, 1060-61 & n.8 (9th Cir. 2002); *United States v. Parker*, 362 F.3d 1279, 1284 (10th Cir. 2004) (rejecting *Emerson* and citing cases). Also, even the "individual rights" decision in *Emerson* recognized that Congress has the authority to restrict firearm possession in certain cases–such as for convicted felons. *Emerson*, 270 F.3d at 261.

**THEREFORE, IT IS HEREBY ORDERED** that Defendant Bradford Metcalf's Motion to Take Judicial Notice (Dkt. No. 407) is **GRANTED IN PART AND DENIED IN PART.**

**IT IS FURTHER ORDERED** that Plaintiff shall make available to a duly-appointed custodian of Defendant within 30 days all of the evidence seized except for firearms, ammunition, silencers, explosives or other property which is contraband *per se*.

**IT IS FURTHER ORDERED** that Plaintiff is **GRANTED** authority to destroy the property not returned to Defendant's custodian after the passage of the 30-day period.

                                                        /s/ Richard Alan Enslen
DATED in Kalamazoo, MI:                 RICHARD ALAN ENSLEN
         July 21, 2005                            UNITED STATES DISTRICT JUDGE

---

*Cruikshank*, 92 U.S. 542 (1876) was similar to *Presser* inasmuch as it held that the Second Amendment did not apply to the states. Although some of the language in *Presser* and *Cruikshank* suggest that a private militia may not be restricted by the federal government, this was not the holding of either case. Of course, the Supreme Court's last decision in *United States v. Miller,* 307 U.S. 174, 178 (1939) supports a limited reading of the Second Amendment in that it held that the Second Amendment did not prevent Congress from restricting possession of a short-barreled shotgun. *See also Lewis v. United States,* 445 U.S. 55, 65 n.8 (1980) (stating in *dicta* that the Second Amendment does not prevent federal firearm regulation); *Adams v. Williams*, 407 U.S. 143, 150 (1972) (commenting in *dicta* on *Miller*).