UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

UNITED STATES OF AMERICA,

        Plaintiff,

Case No. 1:98-CR-54-02

v.

Hon. Richard Alan Enslen

BRADFORD METCALF,

**ORDER**

        Defendant.
_____/

      Defendant Bradford Metcalf has moved for a stay of the Court's Order of August 11, 2005, which authorized the return of non-contraband property, the immediate destruction of any contraband property (including firearms and ammunition), and the destruction of any non-returned property within 30 days. Defendant Metcalf has appealed said Order. He has also moved for a stay of the Order more than 30 days after its issuance–such that it is not known whether the firearms that he desires returned have been since destroyed by the Government (which would render his motion moot). However, assuming the existence of such property, Defendant is not entitled to a stay.

      The issuance of a stay of an appealed order is governed by Federal Rule of Civil Procedure 62(d) and Federal Rule of Appellate Procedure 8(a). The factors to consider are:

> (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.

*Hilton v. Braunskill*, 481 U.S. 770, 776 (1987); *see also Mich. Coalition of Radioactive Material Users, Inc. v. Griepentrog*, 945 F.2d 150, 153 (6th Cir. 1991). The first and second factors are

inversely proportional.  *Griepentrog*, 945 F.2d at 153.  "[A] party seeking a stay must ordinarily demonstrate to a reviewing court that there is a likelihood of reversal."  *Id.* at 153.

In this case, the Court does not believe Defendant has shown a strong likelihood of success on the merits.  He has certainly not shown irreparable injury–since any damage caused by destruction of personal property of the kind at issue is principally, if not exclusively, a monetary loss.  The issuance of the stay would also interfere with the Government's management of contraband materials, including firearms and explosives, such that the third factor likewise disfavors a stay.  Finally, the public interest is decidedly against a stay.  The effect of a stay would be to retain firearms for the eventual use of a person who has engaged in a conspiracy directed toward domestic terrorism.  This would seriously impair the public's interest in safety and security.

**THEREFORE, IT IS HEREBY ORDERED** that Defendant Bradford Metcalf's Motion for Stay (Dkt. No. 426) is **DENIED**.

DATED in Kalamazoo, MI:  
November 3, 2005

/s/ Richard Alan Enslen  
RICHARD ALAN ENSLEN  
SENIOR UNITED STATES DISTRICT JUDGE