UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

UNITED STATES OF AMERICA,

        Plaintiff,

Case No. 1:98-CR-54-02

v.

Hon. Richard Alan Enslen

BRADFORD METCALF,

**ORDER**

        Defendant.
_____/

      Defendant Bradford Metcalf has moved for relief from his Judgment of Sentence entered on May 26, 1999. The Motion is based on the United States Supreme Court's holding in *United States v. Booker*, 543 U.S. 220 (Jan. 12, 2005), which held unconstitutional the United States Sentencing Commission Guideline Manual, when applied mandatorily. The Motion is also based on subsection (b)(4) of Federal Rule of Civil Procedure 60, which permits a district court to set aside a "void" judgment if the motion is brought within a "reasonable" time. The premise of the Motion is that the Judgment of Sentence was void due to the unconstitutionality of the guideline application. (*See* Mot. 1, quoting *Marbury v. Madison*, 5 U.S. 1 (1803).) This Court has previously denied on its merits a Motion to Vacate Conviction and Sentence brought by Defendant pursuant to 28 U.S.C. § 2255. (*See* Dkt. No. 313.)

      This Motion is in the nature of a successive Section 2255 petition in that it seeks relief based upon "new rule of constitutional law" which Defendant suggests should be applied to him retroactively.[1] *See McQueen v. Scroggy*, 99 F.3d 1302, 1335 (6th Cir. 1996) (holding that a Rule

---

[1] This Motion overlooks or otherwise opposes the binding decision of the Sixth Circuit in *Humphress v. United States*, 398 F.3d 855 (6th Cir. 2005), which held that *Booker* does not apply

60(b) motion which is the practical equivalent of a successive habeas corpus petition will be treated as such); *Post v. Bradshaw*, 422 F.3d 419, 425 (6th Cir. 2005) (same). Since Congress's adoption of the Antiterrorism and Effective Death Penalty Act, such successive motions cannot be filed without the prior authorization of the supervising court of appeals pursuant to 28 U.S.C. § 2255 (federal convictions) or §§ 2254 and 2244 (state convictions). *See Lopez v. Douglas*, 141 F.3d 974, 975 (10th Cir. 1998); *Burns v. Parke*, 130 F.3d 782 (7th Cir. 1997); *United States v. Rich*, 141 F.3d 550, 551 (5th Cir. 1998). This Court is required to transfer such successive motions to the Sixth Circuit Court of Appeals for authorization under the statute. *See In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997).

**THEREFORE, IT IS HEREBY ORDERED** that, pursuant to 28 U.S.C. § 1631, the Clerk shall transfer the "Motion for Recall of Mandate and Re-sentencing F.R.C.P. 60(b)(4)" (Dkt. No. 434) to the Sixth Circuit Court of Appeals for review pursuant to 28 U.S.C. § 2255.

|  |  |
|---|---|
| DATED in Kalamazoo, MI:<br>January 12, 2006 | /s/ Richard Alan Enslen<br>RICHARD ALAN ENSLEN<br>SENIOR UNITED STATES DISTRICT JUDGE |

---

retroactively to sentences made final before the decision in *Booker*.