UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

UNITED STATES OF AMERICA,

              Plaintiff,

                                Case No. 1:98-CR-54-02

v.

                                Hon. Richard Alan Enslen

BRADFORD METCALF,

              Defendant.                             **ORDER**

_____/

      Defendant Bradford Metcalf has moved for reconsideration of the January 12, 2006 Order, which transferred Defendant's "Motion for Recall of Mandate and Re-Sentencing F.R.C.P. 60(b)(4)" (Dkt. No. 434) to the Sixth Circuit Court of Appeals for review pursuant to 28 U.S.C. §§ 1631 and 2255 and *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997).

      Defendant's argument is three-fold. First, Defendant argues that reconsideration is required by the holding in *Castro v. United States*, 157 L. Ed. 2d 778 (U.S. 2003). This argument is wrong and a misapplication of the holding in *Castro*. *Castro* dealt with the situation of a Rule 60 motion which was re-characterized so as to prejudice a criminal defendant's right to file a first habeas petition. This is not the situation presented by the present motion such that the application of the rule in *Castro* would be in error.

      Second, Defendant asserts that he is requesting relief under the holdings in *United States v. Booker*, 543 U.S. 220 (2005), *Marbury v. Madison*, 5 U.S. 137 (1803) and Federal Rule of Civil Procedure 60(b)(4). This was understood and discussed in the context of the previous Order.

Third, Defendant asserts that he is entitled to relief under *Gonzalez v. Crosby*, 162 L. Ed. 2d 480 (U.S. June 23, 2005). *Gonzalez* held that a prisoner whose petition invoked Federal Rule of Civil Procedure 60(b)(6) for relief of an adverse limitations-based ruling as to his original habeas petition had not filed a successive petition in violation of the Anti-Death Penalty and Effective Terrorism Act of 1996, codified at 28 U.S.C. § 2244(b). While the holding in *Gonzales* is timely Supreme Court precedent, it does not apply to Defendant's situation. Herein, Defendant is not attempting to resurrect a petition which was previously rejected based on a procedural rule. Rather, he is attempting to assert a new claim under *Booker* as to the substance of his original sentencing. *Gonzalez* does not suggest that the certification requirement is suspended in this circumstance. Further, the majority opinions in *Post v. Bradshaw*, 422 F.3d 419, 424 (6th Cir. 2005) and *In re Bowling*, 422 F.3d 434, 440 (6th Cir. 2005), rather than supporting Defendant's arguments, show that certification for the successive *Booker* claim advanced by Defendant is required.

**THEREFORE, IT IS HEREBY ORDERED** that Defendant Bradford Metcalf's Motion for Reconsideration (Dkt. No. 443) is **DENIED**.

| | |
|---|---|
| | /s/ Richard Alan Enslen |
| DATED in Kalamazoo, MI: | RICHARD ALAN ENSLEN |
| February 6, 2006 | SENIOR UNITED STATES DISTRICT JUDGE |