UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 1:98-cr-54 |
| Plaintiff, | Honorable Paul L. Maloney |
| v. | Magistrate Hugh W. Brenneman, Jr. |
| BRADFORD METCALF #09198-040, | |
| Defendant. | |

**Opinion and Order**

**Transferring Motion to Sixth Circuit for Determination
Whether Defendant Should Have Leave to File A Second or Successive § 2255 Motion**

**Denying the Defendant's "Motion for Default Judgment"**

In October 2008, federal prisoner Bradford Metcalf filed a "motion for justice." After noting that all courts are bound to follow the U.S. Supreme Court's interpretation of the Second Amendment in *DC v. Heller*, 554 U.S. –, 128 S.Ct. 2783 (2008), Metcalf writes as follows,

> From the decision in *Heller*, we now know, (as Defendant Metcalf has incessantly asserted for over eleven years), that the Second amendment is an individual right. The decisions in *Stevens v. United States*, 440 F.2d 144 (6th Cir. 1971) and *United States v. Warin*, 530 F.2d 103 (1976), were a mistake. Metcalf's assertions were right all along.
>
> The *Stevens / Warin* mistakes have been used to deny Metcalf's Second Amendment claims, as follows:
>
> 1.  In Metcalf's criminal case, instructions to the jury (case no. 1:98-cr-54);
>
> 2.  In Metcalf's (criminal) appeal, (case no. 99-1667);

3.       In Metcalf's 28 U.S.C. § 2255 petition, (again case no. 1:98-cr-54);

4.       In Metcalf's Return of Property motion, (1:98-cr-54-02);

5.       In Metcalf's Return of Property appeal, (case no. 05-2140 / 06-1282);

6.       E[tc.]

The *Warin* case then, as now, was clearly in error when it was stated that "It is clear that the Second Amendment guarantees a collective rather than an individual right", *Warin* @ 106, citing *Stevens v. United States*, 440 F.2d 144, 149 (6th Cir. 1971), "since the Second Amendment right to keep and bear arms applies only to the right of the State to maintain a militia and not to the individual's right to bear arms, there can be no serious claim to any express constitutional right of an individual to possess a firearm", *Warin* @ 106.

There is not now, nor has there even been, a "State right" enumerated anywhere in the Constitution of the United States. The opinion in *Stevens* was a mistake. The opinion in *Warin* was a mistake. The Supreme Court's decision in *Heller* negates the Sixth Circuit case law.

*Heller* cited *United States v. Cruikshank*, 92 U.S. 542 (1876), which held, ". . . the Second Amendment does not by its own force apply to anyone other than the Federal Government" and ". . . 'the Second Amendment . . . means no more than that it shall not be infringed by Congress,' 92 U.S. 553," *Heller*, Slip Op. @ 47.

Ten years after *Cruikshank*, the Supreme Court, in *Presser v. Illinois*, 116 U.S. 252, 265 (1886), ". . . reaffirmed that the Second Amendment applies only to the Federal Government", *see Heller*, Slip Op., p. 48, footnote 23. In 1792, the Second Amendment precluded any <u>federal</u> legislative authority to infringe the right of the people to keep and bear arms. In 1876, the United States Supreme Court, in *Cruikshank*, affirmed this when they stated that <u>any</u> regulation would have to come at the State or local level, (*see* 92 U.S. 542, 553). With the *Heller* decision, we see that the *Cruikshank* [decision] has not been reversed, and the Second Amendment may not be repealed through legislation.

So if the Second Amendment applies only to the Federal Government, then there can be <u>no valid Federal firearms statute</u>, which has therefore left no subject matter jurisdiction for Metcalf to have been prosecuted. Accordingly, Metcalf's prosecution was a mistake.

<u>CONCLUSION</u>

1.       The Sixth Circuit cases, *Stevens* and *Warin*, were a mistake;

2. The application of [*Stevens* and *Warin*] to Metcalf's case was a mistake;

3. Metcalf's indictment must be dismissed because there is no authority of the federal Congress to legislate <u>any</u> firearms laws;

4. All <u>Federal</u> firearms statutes must be declared unconstitutional;[1]

---

[1]

The court intimates no position on the merits of Metcalf's argument that *DC v. Heller* requires the invalidation of the statute under which he was convicted, or the invalidation of all federal restrictions on the individual right to keep and bear arms. Our Circuit has not yet discussed or cited *Heller* in any published decision. Its unpublished decisions thus far do not seem hospitable to Metcalf's arguments, but they lack precedential value. *See, e.g.:*

*US v. Hamer*, 2009 WL 899893, *3, – F. App'x –, – (**6th Cir.** Mar. 31, 2009) (Martin, Cook, S.D. Ohio D.J. Michael Watson) ("Finally, Defendant contends that . . . *Heller* . . . created a defense for Defendant that was unavailable at the time of trial. This argument is unavailing. The *Heller* decision focused on the constitutionality of two District of Columbia statutes involving a total ban on [the private ownership of] handguns and requirements that firearms be kept nonfunctional. None of these statutes involve[d] a restriction on a convicted felon possessing firearms.");

*US v. Frazier*, 314 F. App'x 801, 807 (**6th Cir.** 2008) (<u>Gibbons</u>, Cook, E.D. Mich. D.J. George Steeh) ("The threshold question is thus whether . . . Frazier's conviction for possession of a firearm as a prior felon pursuant to 18 U.S.C. § 922(g)(1) and 924(c)(1)(A)(I) violated his Second Amendment right[s]. * * * The Supreme Court . . . h[eld] that the Second Amendment does protect an individual's right to bear arms. Nevertheless, the Supreme Court clarified that 'the right secured by the Second Amendment is not unlimited.' Justice Scalia, writing on behalf of the majority, explicitly stated that 'nothing in [the] opinion should be taken to cast doubt on longstanding prohibitions on the possession of firearms by felons. * * * [H]is conviction is not in violation of the Second Amendment.") (quoting *Heller*, – U.S. at –, 128 S.Ct. at 2816-17), *cert. denied*, – U.S. –, 129 S.Ct. 1652 (2009);

Thus far, it appears that district judges in our circuit have cited *Frazier*, 314 F. App'x 801, and unanimously rejected the claim that 18 U.S.C. § 922(g) violates the individual's Second Amendment right to keep and bear arms as interpreted by *Heller*. *See:*

*US v. Richardson*, 2009 WL 819485, *2-3 (M.D. Tenn. Mar. 27, 2009) (Todd Campbell, J.);
*Livingston v. Francis*, 2009 WL 818133, *5 (E.D. Mich. Mar. 26, 2009) (L. Zatkoff, J.);
*US v. Miller*, 604 F. Supp.2d 1162, 1164-68 (W.D. Tenn. 2009) (J. Daniel Breen, J.);
*McCormick v. US*, 2009 WL 385781, *4 (E.D. Tenn. Feb. 17, 2009) (Curtis Collier, C.J.);
*US v. Visnant*, 2008 WL 4500118, *1-3 (E.D. Tenn. Sept. 30, 2008) (Thomas Varlan, J.);
*US v. Westry*, 2008 WL 4225541 (E.D. Mich. Sept. 9, 2008) (Victoria Roberts, J.);
*US v. Henry*, 2008 WL 3285842 (E.D. Mich. Aug. 7, 2008) (Zatkoff, J.).

      5.      The Federal Government, as Metcalf asserted at his sentencing, has never had subject matter jurisdiction in this case, (*see McNutt v. General Motors Accept. Corp.*, 80 L. Ed. 1135, 1141 (1936) – jurisdiction challengable [sic] at any point of the proceeding); and

      6.      Metcalf's prosecution was a mistake, and therefore, the judgment is void.

Wherefore, Metcalf prays that his honorable Court will render justice and rule affirmatively on all of the above conclusion's six points.

On January 15, 2009, Metcalf filed a motion for default judgment on the ground that the government failed to respond to his earlier motion for justice.

By order dated March 30, 2009, this court directed the government to file a brief in opposition to federal prisoner Metcalf's "motion for justice" and "motion for default judgment" by May 1. The order also permitted, but did not require, Metcalf to file a reply brief by June 8. The government filed an opposition brief on May 15 and Metcalf filed a reply brief on June 1, 2009.

---

      *Accord* **4th Circuit,** *US v. McRobie*, – F. App'x –, –, 2009 WL 82715, *1 (4th Cir. Jan. 14, 2009) (p.c.) (Motz, Gregory, Duncan) and *US v. Brunson*, 292 F. App'x 259 (4th Cir. 2008);

      **5th Circuit,** *Triplett v. Roy*, – F. App'x –, –, 2009 WL 1154892, *1 (5th Cir. Apr. 30, 2009) and *US v. Moore*, – F. App'x –, –, 2009 WL 1405010, *1 (both citing *US v. Anderson*, 559 F.3d 348, 352 (5th Cir. 2009), *cert. denied*, – U.S. –, 2009 WL 1370780 (June 15, 2009) (No. 08-10391));

      **7th Circuit**, *Miller v. Holinka*, 2009 WL 1009865 (**W.D. Wis.** Apr. 14, 2009) (Barbara Crabb, D.J.) And *US v. Radencich*, 2009 WL 127648 (**N.D. Ind.** Jan. 20, 2009) (Robert Miller, C.J.) and *US v. Schultz*, 2009 WL 35225, *1-2 (**N.D. Ind.** Jan. 5, 2009) (Theresa Springmann, J.) and *US v. Robinson*, 2008 WL 2937742, *2 (**E.D. Wis.** July 23, 2008) and *Reynolds v. Sherrod*, 2008 WL 3287042 (**S.D. Ill.** Aug. 8, 2008).

      **8th Circuit**, *US v. Irish*, 285 F. App'x 326 (8th Cir. 2008);

      **9th Circuit,** *US v. Smith*, – F. App'x –, –, 2009 WL 1515706, *1 (9th Cir. June 1, 2009) (p.c.) (Wardlaw, Paez, N.R. Smith) and *US v. Gilbert*, 286 F. App'x 383 (9th Cir.) (p.c.) (B. Fletcher, McKeown, Paez), *cert. denied*, – U.S. –, 129 S.Ct. 613 (2008);

      **11th Circuit**, *US v. Byre*, – F. App'x –, – , 2009 WL 637553, *1 (11th Cir. Mar. 13, 2009) and *US v. Abner*, 2009 WL 103172 (M.D. Ala. Jan. 14, 2009).

Three weeks have passed, and the government has not sought leave to file a sur-reply brief.

**Preliminarily, the court agrees with the government that Metcalf's "motion for justice" must be treated as a 28 U.S.C. § 2255 motion to vacate, modify, or correct sentence, i.e., a petition for a writ of habeas corpus.**  Although Metcalf wishes to characterize his motion for justice as a motion for relief from judgment under FED. R. CIV. P. 60(b), "'Rule 60(b) motions are construed as successive habeas applications insofar as they make a claim for habeas relief on the merits.'" *Salerno v. US*, 2009 WL 1619943, *4 n.2 (W.D. Mich. June 9, 2009) (Maloney, C.J.) (quoting *Willis v. Jones*, – F. App'x –, 2009 WL 1391429, *5 (6th Cir. May 15, 2009) (Daughtrey, Rogers, McKeague) (citing *Gonzales v. Crosby*, 545 U.S. 524, 531-32 (2005) (Scalia, J.))); *see, e.g., In re Gibbs*, – F. App'x –, –, 2008 WL 29544699, *1 (6th Cir. July 24, 2008) (p.c.) (Cole & Griffin) ("The dismissal of Gibbs' § 2255 case was affirmed on appeal.  * * *  Gibbs subsequently filed a motion for relief from judgment under FED. R. CIV. P. 60(b), in which he challenged the district court's denial of his § 2255 motion.  He primarily relied upon a recent published decision from our court which expressly stated that the decision in his prior § 2255 appeal had been 'wrongly decided.'  The district court construed the 60(b) motion as another motion to vacate Gibbs's sentence under § 2255 . . . ."); *Wilson v. McKee*, 2008 WL 2325611, *1 (W.D. Mich. June 2, 2008) (Enslen, J.) ("Rule 60(b) motions cannot be used to circumvent the requirements of § 2244(b).").

**When a prisoner in Michigan files a section 2255 motion or a section 2254 habeas petition in federal district court after already having filed one and had it decided on the merits[2] previously, he must seek leave from the U.S. Court of Appeals for the Sixth Circuit,**

---

[2]

Dismissal of a habeas corpus petition (or § 2255 motion) due to an unexcused procedural default or procedural bar constitutes a dismissal "on the merits" for this purpose.  *See chandler v. Booker*, 2006 WL 2193786, *2 (E.D. Mich. Aug. 2, 2006) (Battani, J.) (citing *In re Cook*, 215 F.3d

**pursuant to 28 U.S.C. § 2244(b)(3)[3], to file a "second or successive" petition.** *See Robinson v. Smith*, 2008 WL 5060133, *1 (W.D. Mich. Nov. 28, 2008) (Quist, J.) ("Because Petitioner's previous habeas action was filed after the enactment of . . . AEDPA [on April 24, 1996] . . . his current petition is subject to the 'second or successive' provision set forth in 28 U.S.C. § 2244(b).") (citing *Cress v. Palmer*, 484 F.3d 844, 852 (6th Cir. 2007)). Metcalf does not allege that he sought

---

606, 608 (6th Cir. 2000)).

    Likewise, dismissal of a habeas corpus petition (or § 2255 motion) as barred by the statute of limitations constitutes a dismissal "on the merits" for this purpose. *See Robinson v. Smith*, 2008 WL 5060133, *1 (W.D. Mich. Nov. 28, 2008) (Quist, J.) and *Staffney v. Harry*, 2007 WL 2592771 (W.D. Mich. Sept. 4, 2007) (Maloney, J.) (both citing *Murray v. Greiner*, 394 F.3d 78, 78, 81 (2d Cir. 2005) and *Altman v. Benik*, 337 F.3d 764 (7th Cir. 2003)).

    [3]Title 28 U.S.C. § 2244, entitled Finality of Determination, provides in pertinent part:

(A)    Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

(B)    A motion in the court of appeals for an order authorizing the district court to consider a second or successive application shall be determined by a three-judge panel of the court of appeals.

(C)    The court of appeals may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of this subsection.

(D)    The court of appeals shall grant or deny the authorization to file a second or successive application not later than 30 days after the filing of the motion.

(E)    The grant or denial of an authorization by a court of appeals to file a second or successive application shall not be appealable and shall not be the subject of a petition for rehearing or for a writ of certiorari.

28 U.S.C. § 2244(b)(3)(A)-(E).

such leave from the Sixth Circuit, and the record contains no suggestion that he has done so.

**Because Metcalf has not shown that he sought and obtained leave from the Sixth Circuit to file this successive habeas petition, this court lacks jurisdiction and is obligated to transfer his petition to that court pursuant to 28 U.S.C. § 1631.[4]** *See US v. Cottage*, 307 F.3d 494, 500 (6th Cir. 2002) ("Although some courts have dismissed second or successive § 2255 motions if they are filed in district court without the necessary authorization, in this circuit such motions are to be transferred to this court for the necessary certification.") (citing *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997)); *see, e.g.,* transferring second or successive habeas petitions to the Sixth Circuit, *Wood v. US*, 2007 WL 3094232 (W.D. Mich. Oct. 19, 2007) (Quist, J.) and *US v. Solis*, 2007 WL 2026423 (W.D. Mich. July 9, 2007) (Bell, C.J.) and *Dunham v. Caruso*, 2006 WL 3091482, *2 (W.D. Mich. Oct. 30, 2006) (Miles, J.) ("After pursuing his unexhausted claims, Petitioner filed his second application for habeas corpus . . . . The district court transferred this application to the Sixth Circuit Court of Appeals as a second or successive petition . . . .").[5]

---

[4]

This section, enacted in 1982, provides,

> Whenever a civil action is filed in a court as defined in section 610 of this title or an appeal, including a petition for review of administrative action, is noticed for or filed with such a court and that court finds that there is a want of jurisdiction, the court *shall*, if it is in the interest of justice, transfer such action or appeal to any other such court in which the action or appeal could have been brought at the time it was filed or noticed, and the action or appeal shall proceed as if it had been filed in or noticed for the court to which it is transferred on the date upon which it was actually filed in or noticed for the court from which it is transferred.

28 U.S.C. § 1631.

[5]

*Accord Morris v. Washington*, 2009 WL 1606889 (E.D. Mich. June 4, 2009) (Steven J. Murphy III, J.) ("The court lacks jurisdiction to consider the present petition until Petitioner receives approval from the Court of Appeals to proceed pursuant to 28 U.S.C. § 2244(b)(3). Accordingly,

**Finally, Metcalf's motion for default judgment lacks merit.**  Under the Rules Governing Section 2255 motions, the government was not required to file a response to his "motion for justice" (actually a section 2255 motion to vacate sentence) until and unless ordered to do so by this court. *See Zemba*, 2009 WL 632604 at *3 n.4 (denying habeas petitioner's motion for default judgment under similar circumstances).

### Order

Metcalf's "motion for justice" [document # 464] is **CONSTRUED** as a motion to vacate, correct or modify sentence pursuant to 28 U.S.C. § 2255.

As required by 28 U.S.C. § 2244(b)(3) and 28 U.S.C. § 1631, Metcalf's "motion for justice" [document # 464] is **TRANSFERRED to the U.S. Court of Appeals for the Sixth Circuit** to determine (1) whether Metcalf's "motion for justice" is a "second" or "successive" habeas corpus

---

. . . the clerk shall transfer the petition to the United States Court of Appeals for the Sixth Circuit.");

*Erwin v. Laffler*, 2009 WL 799040, *2 (E.D. Mich. Mar. 23, 2009) (Thomas L. Ludington, J.) ("Petitioner has not obtained permission from the Court of Appeals to file another habeas corpus petition challenging his same petition and sentence.  * * *  Accordingly, . . . the clerk of court is directed to transfer this case to the court of Appeals pursuant to *Sims* and 28 U.S.C. § 1631.");

*Zavoda v. Boynton*, 2008 WL 4056336 (E.D. Mich. Aug. 26, 2008) (Lawson, J.);
*Simmons v. Warren*, 2007 WL 4350855 (E.D. Mich. Dec. 5, 2007) (Battani, J.);
*Ward v. Michigan*, 2007 WL 2752342 (E.D. Mich. Sept. 21, 2007) (Tarnow, J.);
*Peete v. Booker*, 2007 WL 674693 (E.D. Mich. Mar. 2, 2007) (Rosen, J.) ;
*Peters v. Wolfenbarger*, 2006 WL 1662617 (E.D. Mich. June 12, 2006) (Friedman, C.J.);
*Sloan v. US*, 2006 WL 1382354 (E.D. Mich. May 19, 2007) (O'Meara, J.);

*US v. Zemba*, 2009 WL 623604 (W.D. Pa. Mar. 10, 2009) (notwithstanding convicted felon-in-possession of a firearm's characterization of his motion as a petition for a writ of *audita querela*, court treated it as a 28 U.S.C. § 2255 motion seeking to vacate his conviction on the authority of *Heller* and *Shepard v. US*, 544 U.S. 13, and transferred it to the Third Circuit Court of Appeals for a determination of leave to file a successive habeas petition).

petition and (2) if so, whether Metcalf should be given leave to file it.

Metcalf's "motion for default judgment" [document # 466] is **DENIED**.

This is a <u>not</u> a final order.

**IT IS SO ORDERED this   19th   day of June 2009.**

/s/ Paul L. Maloney
Honorable Paul L. Maloney
Chief United States District Judge